## SECURITY TITLE INS. & GUARANTEE CO. v. HOPKINS, Assessor, et al.

### No. 8297.

Circuit Court of Appeals, Ninth Circuit.

Feb. 15, 1937.

Rehearing Denied March 22, 1937.

Oliver P. Morton and Wm. H. B. Haymond, both of Los Angeles, Cal., for appellant.

Everett W. Mattoon, Co. Counsel, and Gordon Boller, Deputy Co. Counsel, both of Los Angeles, Cal., for appellees.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

GARRECHT, Circuit Judge.

This is an appeal from a final decree vacating a temporary restraining order and denying a permanent injunction which would prevent appellees collecting certain taxes against appellant.

The controversy involves the construction of article 13, § 14, of the Constitution of the State of California and certain state statutes enacted thereunder.

█ The question of the validity of a similar tax for a previous year on the same property was passed upon by the California Supreme Court in Consolidated Title Securities Co. v. Hopkins, 1 Cal.(2d) 414, 35 P.(2d) 320. A petition to the Supreme Court of the United States for certiorari in the case was interposed, based upon the contention that the collection of the tax was in violation of the appellant's rights under the Constitution of the United States and was a denial of the equal protection of the law and its due process (Amendment 14). This petition was denied. 294 U.S. 716, 55 S.Ct. 515, 79 L.Ed. 1249.

We are disposed here to follow the determination made of the other case. Furthermore, the state statute has provided an adequate remedy at law, and in such cases the intervention of equity is not favored. 28 U.S.C.A. § 384; Kieffer et al. v. Kinney-Coastal Oil Co. et al. (C.C.A.8) 9 F. (2d) 260.

Upon this point the District Judge in his opinion cited the case of Rieder et al. v. Rogan (D.C.) 12 F.Supp. 307, from pages 311, 312 of which we quote: "Irrespective of statutory enactment, it is a fundamental principle of law that no injunction will be granted to restrain the enforcement and collection of a tax upon the mere ground of illegality. To warrant the intervention of equity, there must be pre-

sented to the court facts which show fraud, the creation of a cloud upon title to real property, or other acts showing the need for equity's intervention by reason of the inadequacy of an action at law. In the absence of such showing, the taxpayer is relegated to his remedy at law for the recovery of the tax."

The above statement is followed by many citations of authority.

Affirmed.

HANEY, Circuit Judge (concurring).

I am not convinced from the face of the record that the Supreme Court of California passed on the constitutional question here involved, in Consolidated Title Securities Co. v. Hopkins, 1 Cal.(2d) 414, 35 P.(2d) 320, but in no event are the acts here complained of violative of any federal constitutional inhibition.